892 F.2d 74
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bill CARROLL, Jr., Plaintiff-Appellant,
v.
Jimmy MAYNOR; Aaron J. Johnson; Linwood V. Stephenson;
Joe Freeman Britt; Lee Sampson; John W.
Campbell; Fred J. Williams, Defendants-Appellees.
 No. 89-7715.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: Dec. 1, 1989.
Rehearing Denied Dec. 22, 1989.
 
 Bill Carroll, Jr., appellant pro se.
 Johnny M. Loper; Jacob Leonard Safron, Special Deputy Attorney General, David F. Hoke, Assistant Attorney General; Gary S. Parson, Bailey & Dixon, for appellees.
 Before DONALD RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bill Carroll, Jr. appeals the dismissal of his 42 U.S.C. § 1983 complaint in which he seeks damages against various state agents who assisted in bringing him to trial, the judge who presided at his trial, and his court-appointed attorney. The district court determined that the damage claim made by Carroll attacked the validity of his conviction and dismissed on the ground that the claims had not been exhausted.
 
 
 2
 To the extent Carroll is seeking damages rather than release, he may bring his claims under § 1983, though the claims must first be exhausted.[1] Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). Carroll filed two pleadings in the district court in which he insisted that he had exhausted these claims, and it appears that he has done so. If exhaustion has occurred, dismissal under Hamlin was improper.
 
 
 3
 Accordingly, we vacate the judgment of the district court and remand the case for further proceedings. We express no opinion on the merits of Carroll's damage claims or on the validity of any affirmative defenses defendants may have to them. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court.
 
 
 4
 VACATED AND REMANDED.
 
 
 
 [1]
 Although Carroll's amended complaint requested release as well as damages, Carroll subsequently moved to strike the request for release. It appears that Carroll is pursuing his habeas corpus remedies, which provide the only proper vehicle for seeking release, in a separate action. See Carroll v. Stephenson, No. 89-7087 (4th Cir. Sept. 20, 1989) (unpublished)